UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIE WIGGINS,<br><br>                            Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>                           Defendant. | Case No.: 18-CV-1195 JLS (MDD)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; 2) DISMISSING CASE WITH PREJUDICE**<br><br>(ECF No. 2) |

Presently before the Court are Plaintiff Lucie Wiggins's Motion to Proceed *In Forma Pauperis* ("IFP"), ("IFP Mot.," ECF No. 2), and Motion for Appointment of Counsel, ("Mot. for Counsel," ECF No. 3).

**IFP MOTION**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

In the present case, Plaintiff has submitted an affidavit indicating her total monthly income is $1,380 (received through disability payments), she is currently unemployed, and she has no assets. (IFP Mot. 2–4.)[1] Plaintiff's monthly expenses are $1,314. The Court concludes that Plaintiff's application demonstrates she is unable to pay the requisite fees and costs. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

## Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoner."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw

---

[1] For ease of reference, page numbers to docketed materials refer to the CM/ECF page number.

on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

In the present case, Plaintiff filed what appears to be two complaints combined in one document. ("Compl.," ECF No. 1.) The first alleges negligence, premises liability, and personal injury, all under the Federal Tort Claims Act ("FTCA"). (*Id.* at 1–2.) Plaintiff states she worked as a one-year automation clerk at the United States Post Office, and was injured on the job. (*Id.* at 4.) Plaintiff included a second complaint, also for negligence and premises liability against the United States under the FTCA. (*Id.* at 10.) The Complaint also states it is brought under the Americans with Disabilities Act ("ADA"). (*Id.* at 11.) Plaintiff states she was discriminated against in violation of the ADA. Plaintiff also brings a cause of action under the Federal Employer's Liability Act. (*Id.* at 12.)

This Court recently dismissed with prejudice another complaint by Plaintiff. (*See* 17cv2105-JLS (MDD).) Plaintiff brought similar claims against the United States Post Office under the FTCA for her injuries incurred on the job. This Court dismissed Plaintiff's Complaint with prejudice because Plaintiff's exclusive remedy against the United States

1 | for job-related injuries is under the Federal Employee Compensation Act ("FECA"). (17cv2104, ECF No. 19 (citing *Figueroa v. United States*, 7 F.3d 1405, 1407 (9th Cir. 1993)).)

This finding has not changed. The same result applies to this case for Plaintiff's claims relating to her injury incurred on the job. *See Sheehan v. United States*, 896 F.2d 1168, 1173 (9th Cir. 1990) (finding the plaintiff's negligence claims for his on-the-job injuries are preempted by FECA because it is the exclusive remedy for federal employees who suffer injuries covered by FECA); *Venegas v. U.S. Dep't of Labor*, No. C-96-2066 MHP, 1997 WL 50269, at *1 (N.D. Cal. Jan. 29, 1997) (finding the plaintiff's negligence, product liability and premises liability claims against the post office are barred by the FECA).

Plaintiff has included a new cause of action under the ADA. However, under 42 U.S.C. § 12111, the definition of "employer" for ADA claims excludes the United States. 42 U.S.C. § 12111(5)(B); *see Sanchez v. Potter*, 157 Fed. App'x 957, 958 (9th Cir. 2005) (finding the ADA's exemption of the United States and its wholly owned corporations from its definition of employer precluded a suit by a postal worker against the Postal Service alleging a violation of the ADA). Therefore, Plaintiff may not bring her ADA claim against the United States.

Plaintiff also included a new cause of action under the Federal Employer's Liability Act. This Act applies only to railroad workers who allege they have been injured as a result of a safety violation. *See* 45 U.S.C. § 51 et seq. Plaintiff does not state she was a railroad worker, and clearly worked at the post office.

///
///
///

In sum, all of Plaintiff's claims lack merit. The Court again **DISMISSES** Plaintiff's complaint **WITH PREJUDICE**.[2] The Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: June 26, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[2] Plaintiff's Motion for Appointment of Counsel, (ECF No. 3), is therefore **DENIED AS MOOT**.